IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 24-80816-CRJ13 |
| | ) | |
| DANNY D KNIGHTEN | ) | |
| SSN: xxx-xx-0575 | ) | |
| | ) | |
| | ) | |
| TAMMY L KNIGHTEN | ) | |
| SSN: xxx-xx-1887 | ) | |
| | ) | |
| | ) | CHAPTER 13 |
| Debtors. | ) | |

## OBJECTION TO CONFIRMATION

**COMES NOW**, First Southern Financial, a secured creditor in the above entitled bankruptcy proceeding, by and through its attorney of record, William M. Hancock, and in support of its objection to confirmation would show unto this Honorable Court as follows:

1. On or about the 7th day of May, 2021, First Southern Financial (hereinafter referred to as "FSF") loaned to Danny Knighten and Tammy Knighten (hereinafter jointly referred to as "Debtors"), the principal sum of $6,689.06 and, as evidence of the obligation to repay such amount to FSF, the Debtor executed and delivered to FSF, a Mini-Code Loan Note and Security Agreement of even date (hereinafter referred to as "Note 0334"). Note 0334 is secured by one 2008 Ford Taurus, VIN: 1FMDK02W28GA15529 (hereinafter referred to as "Vehicle"), one 2019 6 x 8 Lone Wolf trailer (hereinafter referred to as "Trailer") and one Cub Cadet Ultima 42" lawn tractor (hereinafter referred to as "Lawn Tractor"). The Vehicle, Trailer and Lawn Tractor, are hereinafter collectively referred to as "Collateral." A true and correct copy of Note 0334, the certificate of title and the UCC-1 evidencing FSF's liens on the Collateral is attached hereto and labeled Exhibit "A."

2. On the 2nd day of May, 2024, the Debtors filed a Chapter 13 bankruptcy petition in the Northern District of Alabama, Northern Division. The Debtors' Chapter 13 Plan excludes FSF as a secured creditor. PACER Doc No. 2.

3. FSF's proof of claim on Note 0334, filed on May 10, 2024 and identified as Claim Number 5, asserts a claim secured in the amount of $6,612.82.

4. The Plan is not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3) in that it fails to propose to pay a valid secured debt.

5. The Plan is not adequately funded. 11 U.S.C. §1325(a)(5)(B)(ii) requires full payment of the allowed claims of FSF as a secured creditor.

6. The Plan fails to pay to FSF the value of the property to be distributed under the Plan pursuant to 11 U.S.C. §1325(a)(5).

7. Because the Plan as proposed will not be sufficient to satisfy FSF's claim in full, the Plan does not provide adequate protection of FSF's interest as required by 11 U.S.C. §361 and does not meet the feasibility requirement of 11 U.S.C. §1325(a)(6).

8. Any plan proposed by the Debtors must provide for and eliminate the objections specified above in order to be feasible and provide adequate protection to FSF.

**WHEREFORE**, First Southern Financial prays this Honorable Court:

1. Deny confirmation of the Chapter 13 Plan as proposed by the Debtors; and

2. Provide such further and different relief as this Court deems proper.

**RESPECTFULLY** submitted this the 13th day of May, 2024.

William M. Hancock
Attorney for First Southern Financial

WOLFE, JONES, WOLFE, HANCOCK,
DANIEL & SOUTH, LLC
905 Bob Wallace Avenue
Huntsville, Alabama 35801
(256) 534-2205 - Telephone
(256) 519-6691 - Facsimile
bankruptcy@wolfejones.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below listed parties to this action by placing a copy of same in the United States Mail, postage pre-paid and properly addressed, or by notification of the CM/ECF electronic notification system, this the 13th day of May, 2024.

William M. Hancock

*VIA U.S. MAIL*

Mr. Danny D Knighten
Ms. Tammy L Knighten
2040 Fussell Street
Town Creek, Alabama 35672

*VIA ELECTRONIC NOTICE*

Hon. Melissa Mitchell
521 Madison Street, Suite 201
Huntsville, Alabama 35801
melissa@melissalegal.com

Hon. Michele T. Hatcher
Post Office Box 2388
Decatur, Alabama 35602
michele.hatcher@ch13decatur.com

# ALABAMA – NET
## MINI-CODE LOAN NOTE AND SECURITY AGREEMENT

| LOAN DATE | ACCOUNT NUMBER | CONTRACT NUMBER | CERTIFICATE # | |
|---|---|---|---|---|
| 05/07/2021 | | | | |

| DEBTOR AND CO-DEBTOR (YOU AND YOUR) | CREDITOR/LENDER (FIRST BENEFICIARY) |
|---|---|
| DANNY KNIGHTEN & TAMMY KNIGHTEN<br>2040 Fussell St<br>Town Creek, AL 35672 | First Southern Financial<br>12521 AL. Hwy 157, Suite E&F<br>Moulton, AL 35650 |

INSURANCE: Credit Life and Disability Insurance are not required to obtain this loan and will not be provided unless You sign below and agree to the additional cost.

| TYPE | LIFE INS. TYPE | TERM OF INS. | PREMIUM | SIGNATURE FOR VOLUNTARY INSURANCE | | AGE | DATE |
|---|---|---|---|---|---|---|---|
| Single Credit Life Insurance | ___ LEVEL<br>___ DECR. | 0 mos. | $ 0.00 | I want single credit life insurance. | | 0 | |
| Joint Credit Life Insurance | ___ LEVEL<br>XX DECR. | 36 mos. | $ 260.70 | We want joint credit life insurance. *[signatures]* | Primary Debtor<br>Co-Debtor | 56<br>55 | 05/07/2021<br>05/07/2021 |
| Single Disability Insurance | | 0 mos. | $ 0.00 | I want disability insurance. | | 0 | |

**Total Disability Insurance Coverage** is available only on Primary Debtor for a maximum of 60 Months, with a life decreasing term coverage. Benefits are payable after a WAITING PERIOD of (elect one):
- ☐ 7 DAYS and are RETROACTIVE
- ☐ ___0___ DAYS and are RETROACTIVE

The Monthly Disability Benefit is $ 0.00

INITIAL AMOUNT OF LIFE INSURANCE $ 4,003.14

SECOND BENEFICIARY (Estate – if none named)
**ESTATE OF DEBTORS**

CANCELLATION OPTION: If You desire to do so You may, without penalty or obligation, within fifteen days from the date set forth above, cancel, all but not part of, the above credit insurance coverages by returning all credit insurance certificates received in connection with this loan to the office where the loan was made. Upon cancellation, a full refund of all the above credit insurance premiums and premiums cost will be made.

NO LIABILITY INSURANCE FOR BODILY INJURY OR DAMAGE TO PROPERTY OF OTHERS IS PROVIDED BY THIS CONTRACT. Therefore, insurance under this contract will not fulfill the obligation of the Borrower(s) to maintain liability insurance imposed upon the Borrower(s) under the Financial Responsibility Laws of any state. The Borrower(s) will provide insurance against loss of or damage to the property as the Lender may reasonably require if the amount financed, less any charges for insurance, is $300.00 or more and the value of the property is $300.00 or more. Property insurance may be obtained from anyone You choose or it may be furnished through an existing policy owned or independently obtained by You. If You get the insurance from Us, the cost will be:

Credit Property Insurance Level Term   Insured
Premium $ 194.25   Term 36 mos.   Amount $ 3,500.00      I/We Want Credit Property Insurance *[signatures]*
IUI Insurance   Insured
Premium $ 0.00   Term 0 mos.   Amount $ ___                I/We Want IUI Insurance
Motor Vehicle Insurance FOR LENDER'S INTEREST ONLY
Limited Physical Damage   Insured
Premium $ 0.00   Term 0 mos.   Amount $ 0.00               I/We Want Motor Vehicle Insurance Limited Physical Damage Coverage
Motor Vehicle Single Interest FOR LENDER'S INTEREST ONLY   Insured
Premium $ 0.00   Term 0 mos.   Amount $ 0.00               I/We Want Motor Vehicle Single Interest Insurance

If within thirty (30) days Debtor has Lender made loss payee on a dual interest motor vehicle casualty policy, all motor vehicle casualty premiums and premiums cost will be refunded. If permitted by law, the agent or agency which places any of the insurance may receive a commission on the purchase of insurance.

## FEDERAL DISCLOSURE STATEMENT

LATE CHARGE: If a payment is 10 days or more late, You may be charged $ 18.00 or 5 % of the amount of the payment in default, whichever is greater, but not to exceed $ 100.00.
PREPAYMENT: If You pay off early, You may be entitled to a refund of part of the finance charge, and you will not have to pay a penalty.

FILLING FEES $ 36.50   NON-FILING INSURANCE $ 0.00
SECURITY: You are giving a security interest in Your property as checked in the following box(es):
- ☒ Certain household items
- ☒ Motor Vehicle(s)
  2008 Ford Taurus X 1FMDK02W28GA15529
- ☒ Other   22HP Zero Turn Mower Model # 17AREACS010 Ser# 4905719173 Value $2800

| | |
|---|---|
| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate.<br>**32.14 %** | FINANCE CHARGE<br>The dollar amount the credit will cost You.<br>**$ 3,817.90** |
| AMOUNT FINANCED<br>The amount of credit provided to You or on Your behalf.<br>**$ 6,689.06** | TOTAL OF PAYMENTS<br>The amount You will have paid after You have made all payments as scheduled.<br>**$ 10,506.96** |

Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments are Due | |
|---|---|---|---|
| 36 | $ 291.86 | 06/07/2021<br>1st PAYMENT DATE | and same date of each month following |
| | $ | Maturity Date = 05/07/2024 | |

☐ In Your real estate located at: _____

ASSUMPTION: ☐ If checked, this is a residential mortgage transaction and someone buying Your house may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.
See Your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

SEE PAGES 1, 2, 3, AND 4 FOR ADDITIONAL TERMS AND CONDITIONS.

Original

NTALEF95_CR8FS 08/2020

PAGE 1

Exhibit A

## ADDITIONAL TERMS OF PROMISSORY NOTE AND SECURITY AGREEMENT

7. **OWNERSHIP OF COLLATERAL:** Borrower(s) warrants and agrees that Borrower(s) owns the property pledged as collateral or given as security, that Borrower(s) will not sell it, and that it is in Borrower(s)'s possession and that Borrower(s) will keep it free from any liens or assessments while it is being used as security for Borrower(s)'s loan by promptly paying any such lien or assessment and that at Lender's request Borrower(s) will sign all financing statements requested or if the security is a motor vehicle Borrower(s) will obtain a certificate of title which notes a lien in Lender's favor and Borrower(s) agrees to pay the cost of filing same.
The borrower(s) or debtor(s) authorizes the lender to file a financing statement covering the Collateral described in this security agreement.

8. **Use of collateral and insurance requirements:** While any part of Borrower(s') loan is unpaid, Borrower(s) promises (1) to use the collateral carefully and keep it in good repair; (2) to tell Lender in writing before changing Borrower(s') address or the address of the collateral; (3) not to use the collateral for any unlawful purpose; (4) to pay all taxes due on the collateral; (5) if the amount financed less any charge(s) for insurance is $300.00 or more, to keep the collateral fully insured against loss or damage, to make any insurance policy payable to Lender in an amount equal to the lesser of the value of the collateral or the unpaid balance of Borrower(s') loan, and to deliver the Policy to Lender. If Borrower(s) does not pay taxes on the collateral or keep it insured, Lender can if Lender wishes to do so and Borrower(s) will have to reimburse Lender with interest; (6) that the confiscation, loss, theft, damage, or destruction of the security shall not affect your obligation hereunder and that the security, if personal property, shall remain personal property.
Borrower(s) understands that, until default, Borrower(s) may keep the collateral and use it in any lawful manner, but if Borrower(s) defaults Lender shall have the right to take possession of the collateral. Read below for motor vehicle insurance requirements.

9. **Default:** Borrower(s) will be in default under this Agreement if any of the following occur: (1) if Borrower(s) fails to make payments or any parts thereof as promised or Borrower(s) faults to keep any other promise Borrower(s) has made in this Disclosure Statement, Note and Security Agreement; (2) if Borrower(s) becomes insolvent or files bankruptcy; (3) If a lien (other than Lender's) is put on the collateral or if it is confiscated, lost, stolen, damaged, or destroyed.

10. **Default/declaring the entire balance due:** If Borrower(s) is in default, the amount Borrower(s) owes, less unearned charges computed as set out in the prepayment section of the Note, will become due at Lender's option without advising Borrower(s); thereafter, Borrower(s) shall pay interest on the unpaid balance at the stated Annual Percentage Rate excluding the Prepaid Finance Charge until said Note is paid in full. If Lender repossesses, Lender can request that Borrower(s) assemble and deliver the collateral to Lender or Lender can take possession of the collateral if this can be done without breach of the peace, or by voluntary surrender by Borrower(s) or in the manner provided by law. After giving Borrower(s) 10 days' notice of Lender's intent to sell the security, Lender may do so in any reasonable manner. The proceeds of the sale will be credited to what Borrower(s) owes Lender. Lender can add to what Borrower(s) owes Lender the costs of repossession and sale to the extent not prohibited by law. Borrower(s) will pay Lender any difference plus interest between the sale proceeds and what Borrower(s) owes Lender, and if any money is left over after Lender has applied the proceeds to all amounts Borrower(s) owes, it will be paid to Borrower(s). Borrower(s) understands that Lender has all the rights of a secured party under the Uniform Commercial Code in addition to the rights set forth above.
Lender will not be legally responsible for any personal property found in collateral that is repossessed but Lender will make reasonable attempts to protect such property.

11. **Attorney's fees and court costs:** If the original amount financed exceeds $300.00, then upon default and referral to an attorney not the salaried employee of Lender, Borrower(s) shall pay Lender's reasonable attorney's fees not exceeding 15% of the unpaid debt after default.

12. **Dishonored checks:** Borrower(s) agrees to pay a dishonored check charge of $ 30.00 (or such greater amount if allowed by applicable law) for the return of an unpaid or dishonored instrument.

13. **Credit practices rule:** If certain household items are pledged as security or collateral to secure this Note, no "household items," prohibited by Federal Law as defined by 444.1(i), Title 16, Code of Federal Regulation, shall be used to secure this Note except those items purchased with the proceeds of this Note. If any household item(s) listed under the Security section of this Agreement is determined to violate the above Federal Regulation, then the security interest taken in such item(s) will be void and the preceding statement will govern.

14. **Miscellaneous:** This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of Alabama. If any provision of this Note and Security Agreement is unlawful or unenforceable, such provision shall be without force and effect without thereby affecting any other provision hereof. No provision of this Note and Security Agreement is intended to require the payment of interest or finance charge in excess of the maximum permitted by law. If any court determines that interest or finance charge in excess of the maximum permitted by law is provided for in this Note and Security Agreement, the provisions of this paragraph will govern, and the Borrower(s) will not be obligated to pay the amount of such interest or finance charge to the extent that it is in excess of the maximum interest or finance charge permitted by law, and any excess interest or finance charge collected will be applied in reduction of the principal sum. If Borrower(s) has purchased insurance coverage(s) through Lender, Borrower(s) acknowledges receipt of a copy of the Insurance Certificate or Policy.

15. **Credit Insurance:** Credit insurance, other than credit property and motor vehicle insurance, is not required as a condition of granting the credit, and may be canceled by any insured at any time by written notice to Lender. Borrower acknowledges that Lender has a financial interest in the sale of insurance, and may benefit from the sale of such insurance by virtue of commission income which it may receive. If You purchase it, credit life insurance proceeds will be used to repay Your debt to the Lender in the event of Your death as described in the Insurance Certificate. If You purchase it, credit disability insurance proceeds will be used to repay Your indebtedness to the Lender in the event of Your "disability" as described in the Insurance Certificate. If You purchase insurance though the Lender, the insurance premium is included in the amount financed under this Note. If there is more than one Borrower, only one of You may purchase credit disability insurance under this Note. If one of You purchases credit disability insurance by signing for credit disability, only the Borrower who signed the credit disability election under primary debtor is insured and hereby certifies that the insured is currently employed at least 30 hours per week. Lender or a company related to Lender will act as agent for the insurance company which writes the insurance. Individual term life insurance may be available to You at a lower cost than credit life insurance. In case of death, the credit life insurance may not pay the entire unpaid balance of the debt owed to Lender. This is true if any payments are past due at the time The Insured dies. Read the Insurance Certificate for details on the amount of coverage. A Co-borrower may cancel His or Her insurance and Lender has no obligation to notify the other Co-borrower(s). In the event of a covered claim, any insurance proceeds in excess of the unpaid loan balance will be paid to the second beneficiary shown on Your Certificate or if none is shown, then your Estate. Credit disability insurance may not pay the entire amount owed to Lender after The Insured becomes disabled, because the insurance will not pay payments which are past due when the disability begins. Read the Insurance Certificate for details on the amount of coverage. If You purchase insurance, You must complete the insurance section by signing Your name for the insurance coverage(s) You want.

SEE PAGES 1, 2, 3, AND 4 FOR ADDITIONAL TERMS AND CONDITIONS.

Original

This instrument or agreement is assigned as collateral to First Horizon Bank

# ALABAMA – NET
## MINI-CODE LOAN NOTE AND SECURITY AGREEMENT

| LOAN DATE | ACCOUNT NUMBER | CONTRACT NUMBER | CERTIFICATE # |
|---|---|---|---|
| 05/07/2021 | | | |

**DEBTOR AND CO-DEBTOR (YOU AND YOUR:)**
DANNY KNIGHTEN & TAMMY KNIGHTEN
2040 Fussell St
Town Creek, AL 35672

**CREDITOR/LENDER (FIRST BENEFICIARY)**
First Southern Financial
12521 AL Hwy 157, Suite E&F
Moulton, AL 35650

1. **ALTERNATIVE DISPUTE RESOLUTION AGREEMENT:** The Insured acknowledges that the Certificate of Insurance contains an alternative dispute resolution procedure for the settlement of any controversies between The Insured and the Insurer. The terms of the Alternative Dispute Resolution Clause are found in the General Provisions of the Certificate. The Insured hereby acknowledges that the agreement of The Insured to the Alternative Dispute Resolution Clause of the Insurance Certificate is a material inducement to the Insurer to offer this Certificate of Insurance.

_____ _____ 05/07/2021
Signature of Primary Borrower   Signature of Co-borrower   Date

2. **THE AMOUNT OF THE LOAN AND INTEREST ON THE LOAN:** (check appropriate box below)
   [X] (interest bearing) – We are lending you the Total Cash Advance. This is also called the Loan. Interest will be computed on the Total Cash Advance from time to time outstanding, except interest will not accrue on the Account Maintenance Fee. If disclosed in the Amount Financed Itemization, you will also be charged prepaid finance charge in the amounts allowed by Alabama law. The total of the prepaid finance charge and the interest is the Finance Charge. Interest is calculated every day on the basis of 1/365th of your annual interest rate. Your annual interest rate is 29.95 %. If your payment is early, you will pay less interest than if you pay on the scheduled day. If your payment is late, you will pay more interest. You promise to pay to us or to our order the Total Cash Advance together with accrued interest by making the monthly payments in the amounts and at the times indicated in the payment schedule, at our office at the address shown or at any other address which we give to you.
   
   [ ] (pre-computed) – We are lending you the Total Cash Advance. This is also called the Loan. Interest on the Total Cash Advance has been pre-computed and is included in the Total of Payments. If disclosed in the Amount Financed Itemization, you will also be charged prepaid finance charge in the amounts allowed by Alabama law. The total of the prepaid finance charge and the interest is the Finance Charge. You promise to pay us or to our order the Total Cash Advance by making the monthly payments in the amounts and at the times indicated in the payment schedule, at our office at the address shown or at any other address which we give to you. After maturity, interest will be charged at the Annual Percentage Rate excluding prepaid finance charge.

3. **DEFERMENT:** If this loan is pre-computed, a monthly installment may be deferred by agreement of the parties before or after default, and Borrower(s) agree that Lender may collect an additional charge for each full month that any wholly unpaid scheduled payments are outstanding after the due date of each such scheduled payment equal to that proportion of the finance charge which the amount of the deferred monthly scheduled payment bears to the sum of all monthly balances originally scheduled.

4. **LATE CHARGES:** If any payment is past due 10 days or more, a late charge equal to $18.00 or 5 % of the amount of the payment in default, whichever is greater, but not to exceed $100.00, may be collected.

5. **PREPAYMENT IN FULL REBATE:** Borrower(s) may prepay this loan in full at any time. No portion of real estate points will be refunded. Where an Interest Surcharge has been charged, and prepayment in full occurs in full within ninety (90) days of the date of the contract, the Creditor shall refund or credit the Borrower with a pro rata portion of the Interest Surcharge, except that in such event, an amount of no less than $25.00 may be retained by the Creditor. In the event of renewal, refinance or repayment in full, the Borrower shall be entitled to a refund or credit of any unearned portion of the Account Maintenance Fee computed in the manner set forth in Section 5-19-04, Code of Alabama, as of the date of such renewal, refinancing or payment in full.

   If this loan is pre-computed, and if the loan is prepaid in full, the Lender shall refund unearned interest by the rule of 78s or sum-of-the-digits method; provided, however, if the original term of the loan is sixty-one (61) months or more, and the loan is prepaid, the Lender shall rebate unearned interest according to the actuarial method; and, provided further, that if the loan is prepaid in full within the first 120 days, the Lender shall rebate unearned interest according to the actuarial method. If prepayment in full is made other than on a scheduled payment date the nearest scheduled payment date will be used to make the computation. No refund of less than $1.00 will be made.

6. **SECURITY FOR THIS LOAN:** Borrower(s) hereby grants to Lender a security interest under the Uniform Commercial Code in property described below. This security interest is subject to the provisions contained below and on the reverse side hereof. 2008 Ford Taurus X 1FMDK02W28GA15529
Lone Wolf Trailer value$750; Cub Cadet Ultima Series ZT1 42 22HP Zero Turn Mower Model # 17AREACS010 Ser# 4905719173 Value$2800

### AMOUNT FINANCED ITEMIZATION

| | | |
|---|---:|---:|
| Total of Payments | | $ 10,506.96 |
| Interest | | $ 3,589.90 |
| Total Cash Advance | | $ 6,917.06 |
| Less: Prepaid Finance Charge: | | |
| Real Estate Points | $ 0.00 | |
| Interest Surcharge | $ 120.00 | |
| Account Maintenance Fee | $ 108.00 | |
| Amount Financed | | $ 6,689.06 |

The Amount Financed will be disbursed to or for Debtor as follows:

| | |
|---|---:|
| Credit Life Insurance Premium* | $ 260.70 |
| Credit Disability Insurance Premium* | $ 0.00 |
| Property Ins. (Level Term) Premium* | $ 194.25 |
| IUI Insurance Premium * | $ 0.00 |
| Motor Vehicle Insurance* | |
|   Limited Physical Damage Premium* | $ 0.00 |
|   Single Interest Insurance Premium* | $ 0.00 |
| Non-Filing Insurance* | $ 0.00 |
| Official Filing Fee | $ 36.50 |
| Sub-Total | $ 491.45 |
| Balance Old Account | $ 5,980.72 |
| Misc Chg/Ret. Check Old Account | $ 0.00 |
| Accrued Interest Due Old Account | $ 183.19 |
| Interest Refund | $ 0.00 |
| Interest Surcharge Refund | $ 0.00 |
| Account Maintenance Fee Refund | $ 105.63 |
| Credit Life Insurance Refund | $ 141.91 |
| Credit Disability Insurance Refund | $ 0.00 |
| Property Insurance Refund | $ 14.76 |
| IUI Insurance Refund | $ 0.00 |
| Motor Vehicle Insurance | |
|   Limited Physical Damage Refund | $ 0.00 |
|   Single Interest Insurance Refund | $ 0.00 |
| Net Amount of Payoff | $ 5,901.61 |

OTHER AMOUNTS ADVANCED TO DEBTOR AND/OR PAID TO OTHERS ON HIS BEHALF:

| | |
|---|---:|
| To _____ | $ 0.00 |
| To _____ | $ 0.00 |
| To _____ | $ 0.00 |
| Cash Received by Debtor # | $ 200.00 |

* Borrower acknowledges that lender has a financial interest in the sale of insurance and motor club membership by virtue of commission income which it may receive.

Borrower acknowledges the existence of a separate Alternative Dispute Resolution Agreement signed concurrently with the loan agreement and specifically agrees to its terms.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

The Borrower(s) acknowledge receipt of a completely filled-in copy of this document.

SEE PAGES 1, 2, 3, AND 4 FOR ADDITIONAL TERMS AND CONDITIONS.

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

By: _____ (AGENT FOR LENDER)

_____ (BORROWER) (SEAL)
_____ (BORROWER) (SEAL)
_____ (BORROWER) (SEAL)

Original

## ADDITIONAL TERMS OF PROMISSORY NOTE AND SECURITY AGREEMENT

16. **Motor vehicle insurance requirements:** If the amount financed is $300.00 or more (excluding charges for insurance) and if the collateral is a motor vehicle and it has a retail value of at least $500.00 and a value of at least four times the protection insurance premium (if other collateral is used in addition to the motor vehicle, no motor vehicle insurance will be required unless the recognized loan value of the motor vehicle is at least 30% of the cash advanced and the two preceding requirements are met), Borrower agrees to maintain in force at all times insurance against loss of or damage to the motor vehicle (collateral) in an amount (subject to deductible) of not less than the balance owed under this Note or the retail value of the motor vehicle (collateral), whichever is less, under a Policy of Insurance which names Lender as loss payee. Borrower agrees to furnish Lender written evidence that the insurance coverage is in force at all times. If Borrower ever fails to maintain the insurance which is required under this Note against loss of or damage to the motor vehicle (collateral), Lender may, at Lender's option after giving Borrower at least 15 days' written notice, purchase insurance covering only Lender's interest in the motor vehicle (collateral) against loss or damage; this insurance is called "single interest insurance," but Lender is not required to purchase any insurance. If Lender purchases any such insurance, Borrower agrees to reimburse Lender immediately for the premiums for this insurance. If Borrower(s) fails to do so, Lender may add the premiums for this insurance to the unpaid balance under this Note, and such premiums will accrue interest at the Annual Percentage Rate disclosed in the Disclosure Statement (excluding Interest Surcharge and Account Maintenance Fee) but not greater than the maximum rate allowed by law. Borrower promises to pay the premium for such insurance and the interest thereon in equal monthly payments over the term of the insurance purchased. If Borrower purchases single interest insurance or Lender purchases it on the motor vehicle (collateral) under the terms of this Notice, Lender will be acting solely on Lender's own behalf and neither Lender not the insurance agent will be acting as Borrower's broker. Lender may purchase the insurance through an insurance agency affiliated with Lender through the common ownership or otherwise. The agency or Lender who sells the insurance may receive a commission on the purchase of the insurance and/or other financial incentives. Single interest insurance does not provide coverage for Borrower's interest in the collateral. Single interest insurance may be more expensive than a policy purchased by the owner of the property. **IF A SINGLE INTEREST INSURANCE POLICY IS ISSUED, IT WILL NOT PROVIDE PROTECTION AGAINST LIABILITY FOR BODILY INJURY OR DAMAGE TO THE PROPERTY OF OTHERS. IT WILL NOT FULFILL THE OBLIGATION TO MAINTAIN LIABILITY INSURANCE IMPOSED UPON BORROWER(S) UNDER THE FINANCIAL RESPONSIBILITY LAWS OF ANY STATE. BORROWER MAY CHOOSE THE PERSON THROUGH WHICH PROPERTY DAMAGE INSURANCE IS OBTAINED. BORROWER HAS THE OPTION OF PROVIDING ANY SUCH INSURANCE THROUGH AN EXISTING POLICY OR A POLICY INDEPENDENTLY OBTAINED AND PAID FOR BY BORROWER.** Borrower's obligation will not be affected by any such loss or damage except that if the motor vehicle (collateral) is insured any proceeds paid to Lender will reduce Borrower's obligations to Lender.

17. **Waivers:** Each of the subscribing parties, whether maker or guarantor, hereby separately waives as to this indebtedness or any renewal or extension hereof, demand, presentment, protest, notice of protest, suit, and all other requirements necessary to hold him, or any of them, liable and further agrees that payment may be extended or the indebtedness renewed or other indulgence granted without notice to or consent of any of such parties, and without releasing the liability of any such party. Borrower(s) hereby waives all personal property rights of exemption under the Constitution and laws of the State of Alabama, with respect to any security purchased with the proceeds of this Note.

18. **Special provisions for loans secured by home:** This section is applicable only if this Note is secured by a mortgage on the Borrower's home but the proceeds of this Note were not used to finance the original acquisition or construction of such home, and if this loan is pre-computed. If this section is applicable, the following provisions shall be in effect in place of Section 5. Borrower(s) may prepay this loan is full at any time and, except as otherwise herein provided, there shall be no penalty or other charge for such prepayment. If (i) the original term of the loan is sixty-one months or less; and (ii) the prepayment is made within five years from the consummation of this loan; and (iii) the source of prepayment is not a refinancing by the Lender or an affiliate of the Lender; and (iv) at consummation of this loan, the Borrower(s') total monthly debts did not exceed 50% of the Borrower(s') monthly gross income, as verified by the Borrower(s') signed financial statement, a credit report, and payment records for employment income, the refund of the precomputed unearned interest shall be computed by the "Rule of 78s." Otherwise, the refund of the unearned interest shall be computed according to a method at least as favorable as the actuarial method defined in 15 U.S.C. §1615(d). In either event, if the loan is renewed or refinanced by the Lender or its affiliate within 120 days from the date of the loan, then unearned precomputed interest shall be refunded on a daily pro rata basis. If prepayment in full is made on other than a scheduled payment date, the nearest scheduled payment date shall be used in computing unearned precomputed interest where the Rule of 78s is employed. No portion of the loan fee (real estate points), if any has been charged, will be refunded. No refund of the interest surcharge, if any, will be made except that, if this loan is paid in full by any means within 90 days from the loan date, the surcharge will be rebated on a daily pro rata basis; however, Lender may retain an amount up to $25.00.

19. If you believe any information relating to you held by this Lender is inaccurate, notify the Lender of the specific information that is inaccurate. This notification is to be sent to the Lender at the name and address shown on the front of this contract to the attention of the Fair Credit Reporting Act Compliance Department.

---

The following Notice is applicable if the proceeds of this loan are applied in whole or in substantial part for the purchase of goods or services from a seller who (1) refers consumers to the Creditor or (2) is affiliated with the Creditor by common control, contract, or business arrangement.

**NOTICE**
**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

SEE PAGES 1, 2, 3, AND 4 FOR ADDITIONAL TERMS AND CONDITIONS.

Original

*This instrument or agreement is assigned as collateral to First Horizon Bank*

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

First Southern Financial
12521 AL. Hwy 157, Suite E&F,
Moulton, AL 35650

Alabama Sec. Of State
B 21-0272268 FS
Date 6/04/2021
Time 9:51
1 Pg
File $20.00
ExPg $.00
Ackn $.00
Form
Total $20.00
03/009

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** – Insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| KNIGHTEN | DANNY | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2040 Fussell St | Town Creek | AL | 35672 | USA |
| 1d. TAX ID #: SSN OR EIN | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any | NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| KNIGHTEN | TAMMY | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2040 Fussell St | Town Creek | AL | 35672 | USA |
| 2d. TAX ID #: SSN OR EIN | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any | NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| First Southern Financial | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 12521 AL. Hwy 157, Suite E&F | Moulton | AL | 35650 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

2008 Ford Taurus X
1FMDK02W28GA15529; 2019 6X8
Lone Wolf Trailer value $750;
Cub Cadet Ultima Series ZT1 42
22HP Zero Turn Mower Model #
17AREACS010 Ser# 4905719173
Value $2800

**5. ALTERNATIVE DESIGNATION (if applicable):** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☐ This FINANCING STATEMENT is to be filed (for record) in the REAL ESTATE RECORDS. Attach Addendum (if applicable)  **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional)  ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

ACKNOWLEDGEMENT COPY - NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

# STATE OF ALABAMA
## DEPARTMENT OF REVENUE

## CERTIFICATE OF TITLE FOR A VEHICLE

| TITLE NO. | VEHICLE IDENTIFICATION NUMBER | TRANS. CODE | DATE ISSUED | |
|---|---|---|---|---|
| 106438123 | 1FMDK02W28GA15529 | 10 | 06/08/2021 | |
| YR. MODEL | MAKE | MODEL | BODY TYPE | PREV AL TITLE NO. |
| 2008 | FORD | TAURUS X | 4D | 104579818 |
| CYL | NEW USED DEMO PURCHASE DATE | NO. LIENS | COLOR | ODOMETER |
| 06 | XX | 1 | WHITE | EXEMPT |

NAME(S) AND MAILING ADDRESS OF OWNER(S)

KNIGHTEN DANNY OR TAMMY
2040 FUSSELL ST
TOWNCREEK AL 35672

MAIL TO

FIRST SOUTHERN FINANCIAL
P.O. BOX 807
MOULTON AL 35650

RESIDENT ADDRESS IF DIFFERENT

LEGEND(S)

**RELEASE OF LIEN**
The holder of Lien on the vehicle described in this Certificate does hereby state that the lien described in said Certificate of Title is released and discharged.

First Lienholder

By _____ Signature of Authorized Agent

Date _____

1ST LIENHOLDER'S NAME, ADDRESS AND LIEN DATE  05/07/2021

FIRST SOUTHERN FINANCIAL
P.O. BOX 807
MOULTON AL 35650

2ND LIENHOLDER'S NAME, ADDRESS AND LIEN DATE

Second Lienholder

By _____ Signature of Authorized Agent

Date _____

This certificate serves as an official document of the Department of Revenue and prima facie evidence that an application for certificate of title has been made for the vehicle described hereon, pursuant to the provisions of the Motor Vehicle laws of this state, and the applicant named on the face hereof has been duly recorded as the lawful owner of the vehicle so described. Further, the said vehicle is subject to the security interest by lien(s) shown hereon, if any, But, said described vehicle may be subject to a mechanic's lien or a lien given by statute to the United States, this State or any political subdivision of this State or other encumbrances not required to be filed with the Department.

**CONTROL NUMBER**
55047598

KEEP IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE