# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE:                                                 CASE NO. 24-80816-CRJ-13

    Danny D Knighten
    Tammy L Knighten                             CHAPTER 13
    SS#: : XXX-XX-0575  XXX-XX-1887
                DEBTORS

## TRUSTEE'S OBJECTION TO CONFIRMATION

COMES NOW, Michele T. Hatcher, Standing Chapter 13 Trustee, in the above captioned case and states the following:

1. In order to pay the scheduled and filed secured claims in full, Plan payments must increase to $614 per month beginning August 2024 with fixed payments adjusted accordingly. The Debtors' monthly disposable income is $280 per month as stated in their schedules. Based upon this information, the Trustee alleges the Debtors' proposed Chapter 13 Plan is not feasible.

2. The Plan does not comply with Section 1322(a)(3). The proposed Plan and Schedules does not properly address the secured claim filed by First Southern Financial in the amount of $6,612.85 designated as claim #5 by the Court's Claim Register and secured by a 2008 Ford Taurus.

3. The Debtors' Plan provides for the surrender of a 2021 Husqvarna riding mower securing a debt owed to 1st Franklin Financial. 1st Franklin Financial filed a secured claim in the amount of $953.97 and designated as claim #1 by the Court's Claim Register. The Debtors failed to object to said secured claim, the result of which is to unnecessarily reduce the dividend to unsecured creditors. Further, the Debtors failed to accurately report on the Plan and on Schedule D the collateral securing the debt owed to 1st Franklin Financial.

4. The Debtors failed to provide the Trustee with a complete bank statement for each of the Debtors' deposit accounts from the month of filing. Further, the Debtors failed to report said accounts on Schedule A/B.

5. The proposed fixed monthly payments provided for on the Debtors' Plan fail to amortize the secured claims during the term of the Plan.

6. The Debtor failed to accurately report on the Plan and Schedule D the collateral securing the debt owed to WS Badcock Corporation.

WHEREFORE, the Trustee prays that the Court deny confirmation of the Debtors' plan, and order the Debtors to file an amended plan within 14 days after this confirmation hearing. If the Debtors fail to file an amended plan within 14 days, the Trustee prays the Court enter an order dismissing this Chapter 13 case.

RESPECTFULLY SUBMITTED, this the 20th day of June 2024.

/s/ Michele T. Hatcher
MICHELE T. HATCHER, TRUSTEE
P.O. BOX 2388
DECATUR, AL  35602-2388
(256)350-0442

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June 2024, I have served a copy of the foregoing on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4 of the Court's Administrative Procedures.

| | |
|---|---|
| Danny D Knighten | MELISSA W MITCHELL |
| Tammy L Knighten | MELISSA WIMBERLY LAW PC |
| 2040 Fussell St | 521 MADISON STREET STE 201 |
| Town Creek, AL  35672 | HUNTSVILLE, AL  35801 |

/s/ Michele T. Hatcher
Michele T. Hatcher, Trustee